**UNITED STATES of America, Plaintiff,**

v.

**Gerald A. RUSSELL, Defendant.**

**No. 85–6128–Cr–GONZALEZ.**

United States District Court,
S.D. Florida, N.D.

Nov. 26, 1985.

Barry Seltzer, Asst. U.S. Atty., Ft. Laud-
erdale, Fla., for plaintiff.

Bruce A. Zimet, Fort Lauderdale, Fla.,
for defendant.

**ORDER**

GONZALEZ, District Judge.

**THIS CAUSE** has come before the court
upon the defendant's Motion to Dismiss
Indictment on the Basis of the Unconstitu-
tionality of Title 31 U.S.C., section 5316.

On July 27, 1985, the defendant was
charged with the wilful failure to comply
with requirements of Title 31 U.S.C.A., sec-
tion 5316 (West 1983 and West Supp.1985).

The charge arises from his failure to file a currency and foreign transaction report disclosing the transportation of approximately $147,102.00 in cash out of the United States.

The defendant in seeking dismissal of his indictment argues that the disclosure and reporting requirements of section 5316 violate his fifth amendment protection against self-incrimination. The defendant's position is premised upon certain amendments to the monetary transactions reporting requirements and other statutes. These amendments:

1. raised the reporting requirement from $5,000 to $10,000, 31 U.S.C.A. § 5316(a)(1) (West Supp.1985);

2. increased criminal penalties to a felony and subjected violators to a $250,000 fine, five (5) years imprisonment, or both, 31 U.S.C.A. § 5322(a) (West Supp.1985);

3. authorized United States Customs Officers to search, without a warrant, any vehicle or person suspected of transporting monetary instruments, 31 U.S.C.A. § 5317(b) (West Supp.1985);

4. encouraged the reporting of violators by offering substantial rewards, 31 U.S.C.A. § 5323 (West Supp.1985);

5. provided that violations of § 5316 are predicate offenses subject to RICO prosecutions, 18 U.S.C.A. § 1961(1) (West Supp.1985); and

6. included § 5316 violations on the list of offenses for which Title III electronic surveillance may be sought, 18 U.S.C.A. § 2516(1)(g) (West Supp. 1985).

The defendant maintains that the above amendments transformed § 5316 from a regulatory statute into a statute with criminal implications thereby triggering fifth amendment protections.

The court disagrees.

■ Although the act of transporting large sums of money is not unlawful, it is illegal to wilfully fail to comply with the disclosure and reporting requirements of section 5316. The possibility that compliance might benefit a government drug investigation to the detriment of an individual who complies with section 5316 is irrelevant. The underlying occurrence, transporting sums of money into and out of the United States, is not, in and of itself, illegal.

The defendant's case authority supports this court's determination. In *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), compliance with the transfer tax provisions of the Marihuana Tax Act was held to violate the fifth amendment as an individual would be subjected to prosecution under state narcotics laws. The Supreme Court has also determined that as gambling was an illegal activity in every state, except Nevada, requiring a gambler to register and pay an occupational tax on wagering clearly violated fifth amendment protections. *Marchetti v. United States*, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968). Further, a provision of the Subversive Activities Control Act of 1950 requiring members of the communist party to register was patently unconstitutional as membership in the communist party was itself a crime. *Albertson v. Subversive Activities Control Board*, 382 U.S. 70, 86 S.Ct. 194, 15 L.Ed.2d 165 (1965).

■ To recapitulate, in the *Leary, Marchetti* and *Albertson* cases, the underlying activity was illegal; therefore, fifth amendment protections properly were triggered. In the case *sub judice*, the act of transporting large sums of money *is not unlawful*.[1] Thus, section 5316 requirements do not violate fifth amendment prohibitions against self-incrimination.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Dismiss Indictment on the Basis of the Unconstitutionality of Title 31 U.S.C., Section 5316 filed by the defendant,

---

1. As the underlying activity is not unlawful, this court finds that the analysis employed in *United States v. DesJardins,* 747 F.2d 499 (9th Cir.1984), is unnecessary.

Gerald A. Russell, be and the same is DE-NIED.